THE PEOPLE'S LAW FIRM, PLC
Stephen D. Benedetto (Ariz. Bar No. 022349)
Heather Hamel (Ariz. Bar No. 031734)
Will Knight (Ariz. Bar No. 30514)
645 North 4th Avenue, Suite A
Phoenix, Arizona 85003
Telephone: (602) 456-1901
Facsimile: (602) 801-2834
benedetto@the-plf.com
hamel@the-plf.com

*Firm email for docketing purposes:*
admin@the-plf.com

*Attorneys for Plaintiffs Ryan Tice*
*and Elizabeth Vu*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Ryan Tice, an unmarried man,<br><br>Elizabeth Vu, an unmarried woman,<br><br>Plaintiffs,<br><br>v.<br><br>City of Tempe, an Arizona municipal corporation;<br><br>Ratko Aleksis, a/k/a Ratko Alexis, in his individual capacity as a former police officer for the City of Tempe,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Jury Trial Demanded) |

For their Complaints against Defendants City of Tempe and Ratko Alexis, Plaintiffs Ryan Tice and Elizabeth Vu ("Plaintiffs") hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Ryan Tice is an unmarried man residing in Maricopa County, Arizona.

2.     Plaintiff Elizabeth Vu is an unmarried woman residing in Maricopa County, Arizona.

3.     Defendant Ratko Aleksis was a police officer with the City of Tempe Police Department who, upon information and belief, has since resigned from his employment.  At all times relevant to the complaint, Defendant Aleksis was acting under the color of law, in furtherance of the interests of the City of Tempe, and within the course and scope of his employment.  He is being sued in his individual capacity.

4.     Defendant City of Tempe (the "City") is a municipal corporation created under the laws of the State of Arizona.  The City maintains and operates a law enforcement agency known as the City of Tempe Police Department ("TPD").  The City is under a duty to run its law enforcement activities in a lawful manner to preserve the peace and to preserve for its citizens the rights, privileges, and immunities guaranteed and secured to them by the Constitutions and laws of the United States and the State of Arizona.

5.     The City has established or delegated to its law enforcement agency the responsibility for establishing and implementing policies, practices, procedures and/or customs used by law enforcement officers employed by the City regarding the investigation, detention, arrest, and public relations during law enforcement operations.

6.     Every act and omission of the employees, representatives, and agents of the Defendants detailed in this Complaint was performed under the color and pretense of the Constitutions, statutes, ordinances, regulations, customs, and uses of the United States of America, the State of Arizona, and the City of Tempe, by their authority as sworn officers, and within the course and scope of their employment.

## JURISDICTION, AND VENUE

7.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343(a)(3)(4) and 1367(a). This Court has jurisdiction over Plaintiff's claims for violation of their civil rights under 42 U.S.C. § 1983 and pendent jurisdiction over his state law claims pursuant to 28 U.S.C. §

1367(a).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions that give rise to this action occurred within this District within one year of the filing of the original Complaint, and this Court otherwise has jurisdiction.

9.      This case presents an actual case in controversy arising under the Fourth, and Fourteenth Amendments to the United States Constitution, and under the provisions of 42 U.S.C. §§ 1983 and 1988.

## GENERAL ALLEGATIONS

### The "Chalk Protest"

10.      Beginning in late May, and extending through June, thousands of Arizona residents engaged in First Amendment assemblies throughout the State to demonstrate their support for the Movement on Black Lives.

11.      On June 27, 2020, a small group of Maricopa County residents gathered in Tempe for a peaceful event:  a "chalk protest" in which participants, rather than marching, would simply draw temporary murals and slogans in chalk on the public sidewalk outside of Tempe Marketplace.



**Figure 1:  Exemplar artwork from the "chalk protest"**

12.     The event was peaceful, with many vehicles passing by honking their horns to express support for the protestors, and pedestrians taking photographs of the sidewalk art.

TPD Response

13.     After some time, a small group of participants entered the roadway along McClintock Avenue to begin chalking a crosswalk when traffic was stopped for a red light.

14.     At one point, a passing vehicle nearly struck a participant who apparently had not realized that the traffic light had changed.

15.     TPD, which was monitoring the peaceful protest by drone responded swiftly with a tactical team of officers.

16.     Soon thereafter, a phalanx of Tempe Police Officers arrived, equipped in full tactical gear.



**Figure 2:  TPD response to the "Chalk Protest"**

17.     Tactical teams of officers parked their vehicles in the roadway, exited in formation, and grabbed one of the participants – dragging him into the roadway where they piled on top of him and handcuffed him.

18.     As this occurred, Plaintiff Elizabeth Vu, who was standing nearby, participating in the protest, began video recording the arrest.

19.     As captured on Ms. Vu's recording, participants began demanding information from the officers as to why this man was being arrested.

20.     In response, TPD officers simply demanded that the chalk protest participants (many or all of whom were already standing on the public sidewalk) "move back" and "leave."

<u>Defendant Ratko Aleksis' Assault of Ryan Tice</u>

21.     One female participant, seemingly attempting to obey the officers' orders, moved off the sidewalk to some stone landscaping, sat down, and put her hands up in the classic "surrender" position in an apparent effort to telegraph that she was not a threat to the officers.

22.     Plaintiff Ryan Tice, standing to Ms. Vu's left, began asking officers for their names and badge numbers.

23.     Without answering Mr. Tice's request, Defendant Ratko Aleksis, then a Tempe Police Officer, grabbed the woman who had been sitting peacefully, pulled her off the ground, and then shoved her back to the ground.

24.     Mr. Tice yelled at the officer to leave the woman alone and not touch her.

25.     Defendant Aleksis responded by walking up to Mr. Tice, shoving him, pointing a cannister of Oleorsin Capcicum (colloquially, "Pepper Spray") at his face, and, *without warning*, spraying Mr. Tice directly in the face.

26.     Mr. Tice immediately turned away briefly in an attempt to shield himself from the assault.  As soon as he turned back around, Defendant Aleksis sprayed him with the

Pepper Spray a second time – and, again, did so without any prior warning.



**Figure 3:  Defendant Alexis pepper-spraying Ryan Tice**

27.     After Defendant Aleksis sprayed Mr. Tice in the face a second time, he turned his attention to Ms. Vu, who was still filming Defendant Aleksis.

28.     Defendant Alexis then pointed his cannister of Pepper Spray directly at Ms. Vu and again, without warning, sprayed it at her.

/ / /



**Figure 4:  Officer pepper-spraying Elizabeth Vu**

<u>Inapplicability of Qualified Immunity</u>

29.     At the time Defendant Aleksis pepper-sprayed Mr. Tice and Ms. Vu directly in the face, they were standing on a public sidewalk.

30.     At the time Defendant Aleksis pepper-sprayed Mr. Tice and Ms. Vu directly in the face, they were <u>not</u> under arrest or being detained.

31.     At the time Defendant Aleksis pepper-sprayed Mr. Tice and Ms. Vu directly in the face, they were <u>not</u> resisting arrest or detention

32.     At the time Defendant Aleksis pepper-sprayed Mr. Tice and Ms. Vu directly in the face, they were not using force against officers or individuals, nor were they threatening to use force against officers or other individuals.

33.     At the time Defendant Aleksis pepper-sprayed Mr. Tice and Ms. Vu, TPD had no probable cause to arrest either of them for committing any criminal offense.

34.     TPD's Department Orders define Oleoresin Capsicum as "[a] liquid chemical

agent spray issued to authorized employees as a control method against subjects and vicious animals."[1]

35.     TPD's Department Orders define chemical agents, including Oleoresin Capsicum, as "intermediate weapons" whose use is justified only "when lower forms of empty hand control have failed, are not practical, or when the officer believes their skill in empty hand control will be insufficient."[2]

36.     TPD's Department Orders instruct that "intermediate weapons" are "only to be used with the intent to temporarily disable a subject and not to be used with the intent to cause permanent injury unless the use of deadly force is justified."[3]

37.     In light of the foregoing, any reasonable officer in Defendant Aleksis's position would have known that Mr. Tice and Ms. Vu had the clearly established right to be free from his use of force, namely, pepper-spraying them.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. § 1983—Excessive Force in Violation of the Fourth Amendment
### *(Against Defendant Ratko Aleksis only)*

38.     Plaintiff incorporates by reference all allegations asserted the paragraphs of this Complaint as though they were fully set forth herein.

39.     42 U.S.C. § 1983 provides, in relevant part, as follows:

> Every person, who under the color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other

---

[1] *See* TPD Department Order 12.101(E)(5).
Available at:  https://public.powerdms.com/TempePD/tree/documents/1269500
[2] *Id.* at 12.101(E)(4)(a)
[3] *Id.* at 12.101(E)(4)(b).

appropriate proceeding for redress. . .

40.     Plaintiffs Ryan Tice and Elizabeth Vu (collectively, "Plaintiffs") are citizens of the United States.

41.     Defendant Ratko Aleksis is a "person" for the purposes of 42 U.S.C. § 1983.

42.     Defendant Aleksis was, at all times relevant hereto, acting under the color of law, in his capacity as a City of Tempe police officer.

43.     At the time of the above-mentioned, complained-of events, the Fourth Amendment to the United States Constitution clearly established Plaintiffs' rights to be secure in their persons from unreasonable seizure through excessive force.

44.     Defendant Alexis violated Plaintiffs' rights when he sprayed them with pepper spray.

45.     Defendant Aleksis engaged in the above-described conduct willfully, maliciously, in bad faith, and in reckless disregard of Plaintiffs' federally protected constitutional rights.

46.     The acts and omissions of Officer Aleksis as described herein intentionally deprived Plaintiffs of their constitutional and statutory rights and caused them other damages.

47.     Defendant Aleksis is not entitled to qualified immunity for the complained-of unconstitutional and illegal conduct.

48.     As a proximate result of Officer Aleksis's unlawful conduct, Plaintiffs' suffered actual injuries and other damages and losses as described herein, entitling him to damages in amounts to be determined at trial.

49.     Plaintiffs are further entitled to attorneys' fees and costs under 42 U.S.C. § 1988, pre-judgment interest and costs allowable by federal law.

50.     In addition to compensatory, economic, consequential, and special damages, Plaintiffs are entitled to punitive damages against Officer Aleksis under 42 U.S.C. § 1983

because the actions of these offices were taken maliciously, willfully, or with reckless or wanton disregard of Plaintiffs' constitutional rights.

### SECOND CLAIM FOR RELIEF
**42 U.S.C. § 1983 –Unlawful Retaliation in Violation of the First Amendment (Against Officer Aleksis)**

51.    Plaintiff incorporates by reference all allegations asserted in the paragraphs of this Complaint as though they were fully set forth herein.

52.    42 U.S.C section 1983 provides, in relevant part, as follows:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory of the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

42 U.S.C. § 1983.

53.    Plaintiffs are citizens or residents of the United States with the rights to redress under section 1983.

54.    Defendant Alexis is a "person" as that term is defined by 42 U.S.C. § 1983.

55.    Defendant Aleksis was, at all times relevant hereto, acting under the color of law, in his capacity as a City of Tempe police officer.

56.    Plaintiffs engaged in constitutionally protected free speech when they participated in the Chalk Protest.

57.    Defendant Aleksis's actions – namely, assaulting Plaintiffs with chemical agents – would chill a person of ordinary firmness form continuing to engage in the Chalk Protest.

58.    Plaintiffs' participation in the Chalk Protest – and, the particular nature of their political speech that was critical of police – was a substantial or motivating factor in

Defendant Aleksis's conduct.

59.     Plaintiffs' filming of Defendant Aleksis—an activity protected by the First Amendment—was also a substantial or motivating factor in Defendant Aleksis's conduct.

60.     Plaintiffs are entitled to compensatory, economic, consequential and special damages in an amount to be determined at trial as a direct and proximate result of Defendant Aleksis's retaliation against them.

61.     Plaintiffs are further entitled to his attorneys' fees and costs pursuant to 42 U.S.C. § 1988, pre-judgment interest and costs as allowable by federal law.

62.     Finally, in addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against Defendant Aleksis under 42 U.S.C. § 1983, in that his actions were undertaken maliciously, willfully, or with a reckless disregard of Plaintiffs' constitutional rights.

### THIRD CLAIM FOR RELIEF
**Assault and Battery Under Arizona Law**
*(Against Defendant City of Tempe Only)*

63.     Plaintiffs hereby incorporate all allegations contained in the foregoing paragraphs as if they were full set forth herein.

64.     As set forth herein, Defendant Alexis placed Plaintiffs in apprehension of immediate harmful of offensive contact when he charged and pointed his pepper spray at them.

65.     As set forth herein, Defendant Aleksis caused harmful or offensive contact with Plaintiffs when he sprayed them with pepper spray.

66.     As a direct and proximate cause of Defendant Aleksis's harmful and offensive contact, Plaintiffs suffered injuries and damages in an amount to be proven at trial.

67.     Defendant Aleksis was acting within the course and scope of his employment as a police officer for the City of Tempe when he assaulted Plaintiffs:  He was on duty; working in his regular job capacity; working in the time, place, and manner authorized by

the City of Tempe; and his actions were motivated, at least in part, by a purpose to serve the City of Tempe.

68.     Because Defendant Aleksis was acting within the course and scope of his employment for the City of Tempe, and because the City knew or should have known of his propensity for such conduct, Defendant City of Tempe is vicariously liable for the damages caused by his tortious conduct.

**FOURTH CLAIM FOR RELIEF**
**Intentional Infliction of Emotional Distress Under Arizona Law**
*(Against Defendant City of Tempe)*

69.     Plaintiffs hereby incorporate by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

70.     Defendant Aleksis's above-described actions – responding to a sidewalk chalking event by pepper-spraying the persons of Mr. Tice and Ms. Vu, who had committed no crimes, were not under arrest, were not resisting arrest and were merely exercising their First Amendment freedoms of assembly and speech – were extreme and outrageous.

71.     An average member of the community would regard the conduct referenced in the foregoing paragraph as atrocious, intolerable in a civilized community, and beyond all possible bounds of human decency.

72.     The above-described conduct of Defendant Aleksis was intentional insofar as he intended to cause Plaintiffs emotional distress.

73.     The above-described conduct of Defendant Aleksis was reckless because he was aware of and consciously disregarded the near certainty that it would cause Plaintiffs emotional distress.

74.     The above-described conduct of Defendant Aleksis actually caused Plaintiffs to suffer emotional distress.

75.     As a direct and proximate result of Defendant Aleksis's actions, Plaintiffs were injured and suffered damages in an amount to be proven at trial.

76.     Defendant Aleksis was acting within the course and scope of his employment as a police officer for the City of Tempe when he engaged in the above-described conduct: He was on duty; working in his regular job capacity; working in the time, place, and manner authorized by the City of Tempe; and his actions were motivated, at least in part, by a purpose to serve the City of Tempe.

77.     Because Defendant Aleksis was acting within the course and scope of his employment for the City of Tempe, and because the City knew or should have known of his propensity for such conduct, Defendant City of Tempe is vicariously liable for the damages caused by his tortious conduct.

## FIFTH CLAIM FOR RELIEF
### Negligence & Gross Negligence Under Arizona Law
*(Against Defendant City of Tempe)*

78.     Plaintiffs hereby incorporate by reference the allegations contained in the foregoing paragraphs as if they were fully set forth herein.

79.     Defendant City of Tempe owes the public, including Plaintiff, the duties of reasonable care in organizing and carrying out their law enforcement operations.

80.     Defendant City of Tempe breached this duty by, among other things,

a.     Implementing a response strategy to a non-violent protest that involved the deployment and involvement of more officers than reasonable and necessary to carry out the proper law enforcement purposes;

b.     Failing to develop a reasonable plan for effecting any arrests that officers believed were legally supported;

c.     Arming Defendant Aleksis with Pepper Spray despite his propensity to use excessive force;

d.     Failing to adequately train and supervise Defendant Aleksis with respect to the use of Pepper Spray on non-violent protestors;

]

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Ryan Tice and Elizabeth Vu, hereby requests that the Court enter judgment against Defendants and issue an award in Plaintiffs' favor as follows:

    a.  For damages in an amount appropriate to compensate each of them fully and fairly the violations of their Constitutional Rights;

    b.  For their respective general and special damages, including but not limited to their medical expenses, lost wages and earning capacity, pain and suffering, mental anguish, emotional suffering, and loss of enjoyment of life, arising both out the violations both of their respective constitutional rights and of Defendant Ratko Aleksis's tortious conduct;

    c.  For punitive damages against Defendant Ratko Alexis *only* under 42 U.S.C. § 1983, and as provided for by Arizona law;

    d.  For nominal damages as provided for by law;

    e.  For prejudgment interest on all liquidated sums;

    f.  For attorneys' fees under 42 U.S.C. §§ 1983 and 1988, and as provided for by Arizona law;

    g.  For Plaintiffs' costs and other expenses incurred in this action; and

    h.  Such other and further relief as the Court deems just.

DATED this 25th day of June, 2021.

THE PEOPLE'S LAW FIRM, PLC
645 North 4th Avenue, Suite A
Phoenix, AZ  85003


By: /s/ Heather Hamel
    Stephen Benedetto
    Heather Hamel

*Attorneys for Plaintiffs Ryan Tice and Elizabeth Vu*